253 So.2d 861 (1971)
STATE of Florida ex rel. Isaac Don BUTLER and Gerald Nickles, Petitioners,
v.
Honorable Ralph O. CULLEN, Respondent.
No. 41671.
Supreme Court of Florida.
October 20, 1971.
Rehearing Denied November 22, 1971.
*862 Charles F. Sansone, and R.J. Beckham, Miami, for petitioners.
ADKINS, Justice.
Petitioners have filed a suggestion for writ of prohibition and a petition for writ of mandamus, seeking to prohibit the circuit court from conducting a trial of petitioners, and further seeking an absolute discharge because of an alleged violation of Florida Criminal Rules of Procedure, Rule 3.191 (formerly Rule 1.191), commonly referred to as the Speedy Trial rule, reported in 245 So.2d 33.
This Court, in its discretion, dispenses with oral argument. Florida Appellate Rules, Rule 3.10(e), 32 F.S.A.
Petitioners were taken into custody February 5, 1971, and have remained in custody charged with the crime of rape, a capital offense. A written demand for speedy trial was filed May 25, 1971, and an indictment was returned June 1, 1971. This written demand was a nullity. See State ex rel. Hanks and Seymour v. Goodman, Fla., 253 So.2d 129, opin. filed October 6, 1971.
The trial court did not have the benefit of the opinion in State ex rel. Hanks and Seymour v. Goodman, supra, and treated the demand for speedy trial as being a valid one. The case was set for trial on July 12, 1971. The suggestion for writ of prohibition and petition for writ of mandamus allege:
"On July 2, 1971, court-appointed counsel moved the trial court to vacate the scheduled trial date on the grounds that the State (by myriad unexplained delays) had unconstitutionally deprived the Defendants of their opportunity to properly prepare for trial with effective aid of counsel. This motion * * * was not traversed by the State in any respect, nor were any reasons asserted for the multiplicity of delays cited in the motion. The Court denied the motion to vacate trial date. Thereafter, and solely because of the Court's refusal to vacate the trial date, * * * Relators withdrew their purported written Demands for Speedy Trial and requested additional time within which to prepare their defense prior to the trial of the case."
This motion was granted and a trial date of October 4, 1971, was set by the Court. On September 30, 1971, petitioners moved for a discharge on the ground that the State had failed to commence trial prior to September *863 27, 1971, the maximum date permissible under the time limitations of the Speedy Trial rule.
Presently the petitioners are scheduled to be tried on October 26, 1971. The trial court removed the case from the original October 4, 1971 date upon representation of Petitioner's attorney that application would be made to this Court for relief and upon the further representation and stipulation that the delay of the trial from October 4, 1971 until October 26, 1971 would in no wise be utilized by petitioners to their advantage.
It appears on the face of the petition that petitioners requested a continuance so that they would have additional time within which to prepare their defense. When the continuance was granted, the time limitations in the rule were no longer applicable and the Court had the right and authority to set the case for trial within a reasonable time.
In other words, the purpose of the Speedy Trial rule is to implement the practice and procedure by which a defendant may seek and be guaranteed his speedy trial. When the time limitations set forth in the rule were waived by petitioners seeking a continuance, then it became incumbent upon the trial court to set a trial date far enough in advance to allow the petitioners adequate time for preparation of their defenses, but, also, guaranteeing to the petitioners their constitutional right to a speedy trial. The facts and circumstances of each case may differ.
Petitioners complain because the assertion of their right to effective aid of counsel and adequate opportunity to prepare for trial precluded them from asserting their right to a speedy trial. In other words, they say the trial should have been held on or before September 27, 1971.
When the continuance was granted and the time limitations set forth in the rule were no longer applicable, the trial judge was nevertheless required to grant petitioners a speedy trial. In the absence of the time limitations specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative. It is consistent with delays and the question of whether a trial date affords petitioners a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion. The mere lapse of time before trial is not the only factor to be considered under such circumstances. Any unreasonable delay arising from the negligence of the prosecution without fault or consent by the accused violates the guaranty of a speedy trial.
After a continuance has been granted, a defendant may file a demand for speedy trial upon completion of his investigation and preparation. He must then be brought to trial within sixty days.
If he does not file the written demand, his right to a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion.
Rather than file a demand, petitioners in the case sub judice caused a delay, waited until the time prescribed in the rule expired, and moved for a discharge. The following provision of Rule 3.191 came into play:
"(d) (3). Continuances; Effect on Motion. 
If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d) (2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a codefendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by *864 the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days." (Emphasis supplied) (In re Florida Rules of Criminal Procedure, 245 So.2d 33, 36 (Fla. 1971)
The motion for discharge was properly denied, but the judicial discretion of the trial judge is limited to the extent that trial must be commenced within ninety days from September 30, 1971, the date the motion for discharge was filed.
The suggestion for writ of prohibition and the petition for mandamus are denied and dismissed.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD and DEKLE, JJ., concur.