PER CURIAM.
The appellant seeks reversal of his convictions, upon jury trial, for the offenses of second degree murder and on two counts of aggravated assault. He was sentenced to life imprisonment on the second degree murder conviction and sentenced to five years imprisonment for the aggravated assaults, with provision for the latter sentence to be served consecutively to the former.
The appellant contends the trial court erred in denying his motion for dis *333 charge, charging failure of the state to bring him to trial within 180 days after his arrest as required by Rule 3.191 CrPR, 33 F.S.A. We hold the court properly denied the motion for discharge.
The arrest was made on September 20, 1971. A psychiatric evaluation of the defendant was ordered by the court on January 4, 1972, which was 106 days after arrest. The psychiatric evaluation report was filed with the court on February 1, 1972, after an interval of 27 days. The trial was commenced 78 days thereafter. Thus, the period from the arrest to date of trial, excluding the 27 days from the evaluation order to the filing of the report thereon, was 184 days.
Under subsection (d) (2) of Rule 3.191 CrPR the time may be extended by order of court for “a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial.” The purpose of such mental evaluation process is to determine the competency of the defendant to stand trial. The “period of reasonable and necessary delay resulting from proceedings” to determine the mental competency of the defendant to stand trial is not limited to the exact period from the date of the order for evaluation to the date of filing or submission of a report by the examiners. A report of such a psychiatric examination is not self-operating. It is for the court to determine therefrom whether the defendant shall be ordered to stand trial or be held to be incompetent therefor. As indicated by the wording of the cited subsection of the rule, it is contemplated that the period of “reasonable and necessary delay resulting” in determining competency to stand trial includes examination and a hearing based thereon.
The routine business and processes of the court necessarily require that the period of delay must involve some reasonable time for the court to make such determination upon consideration of the report or reports, by the setting and conducting of a hearing thereon. It was not shown that in the circumstances of this case an additional four days following the filing of the evaluation examination report was an unreasonable length of time within which to take action on the report.
Upon consideration of the remaining contentions of the appellant relating to rulings made by the court during the trial, we hold no harmful or reversible error has been shown.
Affirmed.