298 So.2d 529 (1974)
Jesse C. CHESTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1304.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied August 5, 1974.
*530 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and Kurt Marmar, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before CARROLL and HENDRY, JJ., and GOBBIE, EVELYN, Associate Judge.
HENDRY, Judge.
On this appeal by the defendant below from conviction of murder in the first degree the appellant contends the court committed error by denying his motions made prior to trial for discharge on the ground that he was not brought to trial within the time required by Rule 3.191 CrPR, 33 F.S.A.
On September 9, 1972, the defendant was arrested and booked on a charge of murder in the first degree. Subsequently he was indicted therefor, on November 14, 1972, and on December 5, 1972, the state filed an information charging the same offense. One hundred days after his arrest, on December 18, 1972, the court granted a motion of the defendant for a psychiatric evaluation.
The evaluation of the defendant by various psychiatrists extended 93 days, until March 21, 1973, when a final medical report was filed with the court indicating that the defendant was competent to stand trial. During this considerable delay, according to the medical reports, the defendant was uncooperative with those conducting his evaluation. The court was informed that the defendant was "malingering" and that there was evidence of "conscious distortions of his replies" during psychological testing, and "faked qualities" on his Rorachach Testing.
Thereafter, on August 16, 1973, the defendant filed a pro se motion for discharge under the speedy trial rule. Excluding the time period of the defendant's psychiatric evaluation, a total of 248 days had elapsed since the date upon which the defendant was arrested. This was comprised of the 100 days prior to the time the psychiatric evaluation was ordered, and 148 days subsequent to the time the evaluation period ended until the filing of the motion to discharge. The defendant's motion was denied, and a trial date of September 18, 1973 was set.
Prior to commencement of the trial on September 18, the defendant again moved for a discharge under the speedy trial rule, and the motion was denied. At that time, another 33 days had elapsed raising the total number of days since the defendant's arrest, exclusive of the evaluation time, to 281.
The defendant then was tried by jury, and a verdict of guilty was returned. The court adjudicated him guilty and imposed a sentence of life imprisonment.
The defendant argues that his motion for discharge should have been granted on the ground that the 180-day period prescribed by Rule 3.191(a)(1) had expired prior to the time he was brought to trial.
The defendant primarily relies on language found in this court's decision in Parks v. State, Fla.App. 1973, 278 So.2d 332. Therein, it was indicated that Rule 3.191(d)(2)(iv) provides for a period of "reasonable and necessary delay" during which a defendant may be given a psychiatric evaluation to determine his competency to stand trial.
By dicta in Parks it was further suggested that the 180-day rule still applies when a psychiatric evaluation is ordered, plus a period of reasonable and necessary delay. In that case a total of 184 days had elapsed *531 since the defendant was arrested, exclusive of a 27-day interval for a psychiatric evaluation. We held that a 4-day delay was not shown to be unreasonable and affirmed the convictions.
The defendant herein argues that the delay in his case, excluding the evaluation time, was 281 days, and this period of time constitutes an unreasonable and unnecessary delay.
However, as we read Rule 3.191(d)(2) (iv), the conclusion reached by the defendant is not mandated by the Rule. The rule, in pertinent part, reads as follows:

"When Time May Be Extended: The periods of time established by this Rule may at any time be waived or extended by order of the court ... (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings or pre-trial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused."
This portion of Rule 3.191 provides that the time periods established by the speedy trial rule may (1) be waived or (2) extended by order of the court for a reasonable and necessary time so that the competency of the accused to stand trial may be determined, etc. This part of the rule is silent with respect to the question of the 180-day rule.
But, Rule 3.191(d)(3)(i), immediately thereafter, and our Supreme Court's holding in State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861, supplies the necessary clarity to (d)(2)(iv). In sum, when the defendant in this case by his defense counsel moved for a psychiatric evaluation and the motion was granted, the 180-day time limitation in the rule was waived and therefore no longer applicable, and the court had the right to set the case for trial within a reasonable time after a "reasonable and necessary delay" for the psychiatric evaluation.
In State ex rel. Butler v. Cullen, supra, Mr. Justice (now Chief Justice) Adkins wrote the following:
"When the continuance was granted and the time limitations set forth in the rule were no longer applicable, the trial judge was nevertheless required to grant petitioners a speedy trial. In the absence of the time limitations specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative. It is consistent with delays and the question of whether a trial date affords petitioners a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion. The mere lapse of time before trial is not the only factor to be considered under such circumstances... ." (253 So.2d at p. 863) See also, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In the instant case, the defendant filed his pro se motion for a discharge on August 16, 1973. His trial commenced on September 18, 1973. The defendant never filed a motion demanding a speedy trial, as provided by 3.191(a)(2), after his motion for a psychiatric evaluation was granted.
Nor did the defendant's motion for discharge allege any prejudice to the preparation of his defense to the criminal charge against him.
In Barker v. Wingo, supra, the United States Supreme Court identified four factors to be considered in assessing whether or not a particular defendant has been denied his constitutional right to a speedy trial. They are: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.
*532 In this light, the defendant's failure to assert his speedy trial right until after he believed the time under Rule 3.191 had expired and his uncooperative attitude during his psychiatric evaluation should be weighed against any possible prejudice, oppressive pretrial incarceration or the anxiety which is attendant to a criminal proceeding. On the facts presented sub judice, we can only conclude the appellant was not denied his right to a speedy trial.
There is a second reason why we think that the 180-day period is inapplicable to this case. As previously stated, the record shows that just prior to the commencement of appellant's trial, his counsel moved to dismiss the charge against him on the grounds that the speedy trial time period had expired.
The court denied the motion after the assistant state's attorney, Mr. O'Donnell, stated to the court that defense counsel, Mr. Pollack, requested both an evaluation and a re-evaluation of the appellant. Mr. O'Donnell stated:
"... I am sure the transcript, if we have it typed up, will bear out Mr. Pollack waived formalities, waived his right to speedy trial when after the first evaluation he came back and indicated that the Defendant was malingering and he was still on medication. Your Honor said well perhaps if we withdraw him from medication and send him back we can get a determination. Mr. Pollack said he would sign a waiver for speedy... ."
It thus appears that the appellant through his counsel waived his right to trial within 180 days on a second occasion. See, State v. Earnest, Fla.App. 1972, 265 So.2d 397.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment and sentence appealed are affirmed.
Affirmed.
CARROLL, Judge (dissenting).
I respectfully dissent. I can not agree with the holding of the majority that the period of time established by Rule 3.191(a)(1) CrPR with which the defendant-appellant was required to be brought to trial (180 days in this instance) is to be considered waived by his moving for and obtaining an order for an examination as to his competency to stand trial.
In my opinion that holding is wrong. Rule 3.191 CrPR does not so provide, directly or indirectly. On the contrary, by subsection (d)(2)(iv) of the rule it is expressly provided that the time within which the defendant is required to be brought to trial under the rule is extended by the period of delay reasonably and necessarily involved in such an examination of the defendant as to his competency to stand trial and for a hearing thereon.
Rule 3.210(a)(1) CrPR makes provision for an evidentiary hearing to be held with reference to the competency of an accused to stand trial (preceded by examination of him by designated experts where so ordered) upon the court's own motion or on motion of the accused or his counsel, where the court "has reasonable ground to believe that the defendant is insane."
The majority opinion assigns to a defendant's motion for a competency examination and hearing the same effect that is given to an unexcused motion of a defendant for a continuance under a separate provision of the rule, subparagraph (d)(3), in which latter circumstance the trial time (90 or 180 days) prescribed by subparagraph (a)(1) is considered waived, and following which trial must be commenced within ninety days. In State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861, which dealt with continuance on a defendant's motion as a waiver of the trial time requirement, I observe no holding or expression to the effect that a motion by defendant for examination as to his competency to stand trial would consitute a waiver of *533 the trial time provision, rather than to extend the latter for the period of delay reasonably and necessarily occasioned thereby, as provided for by subsection (d)(2)(iv) of the rule.
Moreover, on the construction placed on the rule by the majority opinion, that the defendant's motion for competency examination and hearing operated to eliminate the 180-day trial time and required only that the defendant be brought to trial within a reasonable time following such competency proceedings, the motion of the defendant for discharge made on September 18, 1973, should have been granted in this case. This is so because it is evident the defendant was not brought to trial within a reasonable time after the end of the period of the competency proceedings. By analogy, where the prescribed trial time is waived by a defendant's motion for continuance, a reasonable time within which he shall be brought to trial thereafter is fixed in the rule at 90 days. In this instance the subsequent period was 181 days. By affirming denial of the motion for discharge the majority necessarily holds that 181 days is not more than a reasonable time within which to bring a defendant to trial after the end of his competency proceedings. That holding appears to be unjustified.
A provision that a defendant could request and be granted an examination as to his competency to stand trial only at the cost of waiving the provision of the rule regarding the time within which he must be brought to trial, and even without necessity that he be tried within 90 days thereafter, would be inconsistent with the theory and purpose of the speedy trial rule. It would have a chilling effect upon use of that authorized procedure by a defendant who felt he was entitled thereto, and would impose an unwarranted penalty on use of a granted right that is vital to due process of law. Compare United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed. 138, 147.
Furthermore, the construction placed on the rule by the majority opinion is in conflict with an earlier holding by this court in regard thereto, made in Parks v. State, Fla.App. 1973, 278 So.2d 332. In that case we affirmed an order denying a motion for discharge under the speedy trial rule where a period of 184 days had elapsed not including the period of delay from the date of an order for examination as to competency of the defendant to stand trial to the date of the examiner's report to the court. However, it was pointed out in Parks that the rule contemplated not only the period involved in an ordered examination, but also some reasonable time for a hearing consequent thereon, and we held four days should not be considered an unreasonable time within which to have held a hearing after the report of the examination was submitted to the court, and therefore that the trial court was correct in determining that the trial time of 180 days had not elapsed, excluding the delay reasonably and necessarily resulting from the period of the competency examination and for hearing thereon. In so holding this court gave effect to subsection (d)(2)(iv) of the rule as providing that the 180-day period of time within which the defendant must be brought to trial was not obliterated, but was extended by the period involved in the competency evaluation proceedings.
The majority decision in this case also assigned as a reason for upholding the denial of the defendant's motion for discharge, made 181 days after the end of the period of the competency examination, the fact that the defendant (after having moved for and obtained an order for competency evaluation) did not file with the court a demand for trial within sixty days, provided for by subsection (a)(2) of the rule. Aside from the fact that the 60-day trial demand would not be permissible in an instance where the trial time is waived or lost, the right to demand trial within 60 days is an election or privilege extended to the accused, and it is not something of which he must avail himself in order to *534 have benefit of other effective provisions of the rule.
Finally, I am unable to agree with the position taken by the majority that the record shows the speedy trial rule was expressly waived by or on behalf of the defendant. In this case, during the period of examination, the examiners had informed the court as to difficulty that was being encountered in making an evaluation of the defendant as to competency to stand trial (for the reasons recited in the majority opinion). The court directed that the examination continue, and later a final report of the examiners was submitted to the court on March 21, 1973, indicating competency of the defendant to stand trial. At the time of the defendant's second motion for discharge, made on September 18, 1973, after the lapse of 281 days from the date of the arrest, not including the period of delay occasioned by the psychiatric evaluation examination, and being 181 days after the period thereof, the state attorney (relating back to the time when the court had before it the examiners' interim report as to difficulty in the evaluation examination) stated to the court that on said prior occasion the defendant's attorney had said he "would sign a waiver for speedy". In order to be effective such a waiver must be signed by the defendant or his counsel, under subparagraph (d)(2) of the rule. Not only does the record fail to show a signed waiver, but the repeated motions of the defendant for discharge, on the ground that the trial time had elapsed, would indicate absence of an intentional prior waiver of the trial time provision; and the denials of the motions for discharge were not predicated upon any voluntary waiver of the trial time fixed in the rule.
The defendant's motion for discharge was well founded. The judgment of conviction should be reversed, and the case should be remanded with direction to the trial court to enter an order discharging the defendant from the crime, as provided for in such circumstance by Rule 3.191(a)(1) CrPR.