305 So.2d 161 (1974)
Honorable C.P. RUBIERA, Judge of the Metropolitan Court in and for Dade County, Florida, Petitioner,
v.
DADE COUNTY, Florida, ex rel. Jose Benitez, Respondent.
No. 44608.
Supreme Court of Florida.
December 11, 1974.
Richard E. Gerstein, State's Atty., and John P. Durant, Asst. State's Atty., for petitioner.
Luis P. Salas, Miami, for respondent.
ADKINS, Chief Justice:
In this certiorari review of a decision of the District Court of Appeal, Third District, we have jurisdiction pursuant to Article V, Section 4, Florida Constitution.
The respondent, Jose Benitez, was arrested on August 25, 1972, and charged with unlawful practice of optometry, a misdemeanor under Fla. Stat. § 463.20, F.S.A. He was arraigned on October 2, 1972. Motions to produce and for the taking of depositions were filed by respondent on September 28, 1972, and granted on November 3, 1972. On November 8, 1972, notices of taking depositions and subpoenas were mailed to the Clerk of the Metropolitan Court. Said depositions were to be taken on November 16, 1972, but the subpoenas were returned to the Clerk on November 14, 1972, since his signature was not completed and the date of signing had not been indicated on the subpoenas. As a result, the notices of taking depositions and subpoenas were not served until November 27, 1972. The depositions were rescheduled for December 5, 1972. A motion for discharge pursuant to Rule 3.191(d)(1), CrPR, was filed with the trial court on November 28, 1972, because trial on the misdemeanor charges was not brought within 90 days as required by said Rule, which provides in relevant part:
"Except as otherwise provided by this Rule, every person charged with a crime by indictment or information [or trial affidavit,] shall without demand be *162 brought to trial within 90 days if the crime charged be a misdemeanor ... and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial." Rule 3.191 (a)(1), CrPR.
The motion was denied on December 15, 1972. Thereafter, upon suggestion filed by respondent, the Circuit Court for Dade County entered a writ of prohibition against the trial judge, petitioner herein, and ordered the discharge of the respondent. The District Court of Appeal, Third District, affirmed per curiam, without opinion.
As defendant made no demand for trial, his right to discharge within a specified time must initially be determined under subsection (a)(1) of Rule 3.191. By the express language of this section the defendant must be "continuously available" for trial. When he moved for discharge defendant was involved in trial preparation by availing himself of criminal discovery tools. Notice of taking depositions was served one day prior to filing of motion for discharge. They were scheduled to be taken some eight days later. Under these facts the record fails to disclose that defendant was ready to proceed with his formal defense or otherwise be "continuously available" within the meaning of Rule 3.191(a)(1) and (e).
Assuming arguendo that there had been no error in expediting the original notices of taking depositions and they could have been taken as originally scheduled on November 16, 1972, (prior to the running of the 90 days) there was hardly sufficient time between November 16th and the end of the 90-day period to allow for copies of the depositions to be delivered to the defense counsel and for him to be ready for trial at the end of the 90-day period.
Even though because of the circumstances created by defendant, he is not entitled to trial within 90 days, he still has a right to speedy trial as guaranteed by Article I, Section 16, Florida Constitution. As the Court said in State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971):
"... the purpose of the Speedy Trial rule is to implement the practice and procedure by which the defendant may seek to be guaranteed his speedy trial." 253 So.2d at 863.
The Speedy Trial Rule was promulgated and its specific time limits established with a view toward expediting the administration of criminal justice. The distinction drawn between the 180-day felony rule and the 90-day misdemeanor rule is founded in practicalities of criminal defense. Both the prosecution and defense of felony charges usually involve more extensive trial preparation than in the case of misdemeanors. This reality is reflected by establishing two distinct periods where no demand is made. And, a demand coupled with defendant's availability lessens the period to 60 days. Inherent in the rationale behind a shorter period where a demand is made is that the case is ready to be tried, the defendant has completed his discovery and other trial preparation, and hence, is ready to defend.
A holding that a defendant who avails himself of discovery tools so as to make himself "unavailable" under Rule 3.191(a) (1) is not a retreat from the constitutional mandate of Article I, Section 16, which applies in every criminal case irrespective of the applicability of specific time limits contained in Rule 3.191. While State ex rel. Butler v. Cullen, supra, involved a continuance, the principles elicited are apposite sub judice. There the granting of a continuance negated the time limits set forth in the rule. Defendants moved for continuance in order that they could have additional time to prepare their defense. When such action constituted a waiver of *163 the Speedy Trial Rule time limits, this Court stated:
"... then it became incumbent upon the trial court to set a trial date far enough in advance to allow the petitioners adequate time for preparation of their defenses, but, also, guaranteeing to the petitioners their constitutional right to a speedy trial."
......
"... the trial judge was nevertheless, required to grant petitioners a speedy trial. In the absence of the time limitations specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative. It is consistent with delays and the question of whether a trial date affords petitioners a speedy trial must be determined in the light of the circumstances of the particular case as a matter of judicial discretion. The mere lapse of time before trial is not the only factor to be considered under such circumstances. Any unreasonable delay arising from the negligence of the prosecution without fault or consent by the accused violates the guaranty of a speedy trial." 253 So.2d at 862, 863.
But operation within the confines of the Rule should not be lightly disregarded for an undefined though reasonable constitutional standard. Trial judges, prosecutors, defendants and their counsel deserve the type of certainty afforded by the Rule. Moreover, they are bound to work within these confines so as to aid the implementation of the accused's right to speedy trial. Even if specific limits become inoperative and strict adherence to the initial period is no longer required, the Rule affords an element of flexibility which provides an accused with alternative means whereby he may perfect his right to a speedy trial.
Subsection (d)(2) of Rule 3.191 is such a mechanism whereby time may be extended to accommodate the need of either side for additional time. Use of discovery procedures to prepare for trial is one type of reasonable delay envisioned. Such delays are "excused" with the qualification that a court order extending time has been entered. The court order serves to advise all concerned that new time limits are in effect.
Further, the court sua sponte may order an extension when exceptional circumstances defined in subsection (f) of Rule 3.191 exist. In that case, the Rule provides for a new trial date within a reasonable time. Crucial to both methods of extention is that a court order issues, becomes part of the record, and all parties are once again working within a defined time period.
If the means for an extension provided in subsection (d)(2) of Rule 3.191 are not utilized when circumstances prevent trial within the original time limits, a defendant is within subsection (d)(3) when he seeks discharge while engaged in discovery. At this point what would otherwise constitute reasonable grounds for delay then becomes unexcused delay because he has not sought a court order and, by express provisions in the Rule, his pending motion for discharge is voidable on motion by the State. In this instance subsection (d)(3) provides that the trial shall commence within 90 days. Once again, the parties are on notice as to the time limits which will assure the accused his speedy trial right.
Of course, the defendant, when ready for trial, may file a demand for speedy trial. He must then be brought to trial within 60 days.
The means whereby a defendant may conscientiously prepare his defense as well as be guaranteed his right to a speedy trial are available under Rule 3.191. It is incumbent upon those involved in the administration of criminal justice to work within its framework. The guarantee of Rule 3.191 is not inconsistent with the accused's right to utilize discovery tools available to him. He may do both; however, utilization of discovery procedures may to some extent define "speedy trial." The method whereby "speedy trial" is redefined after *164 the initial time periods are inoperative is by proper court order which establishes a new time limit in which trial will commence.
Under the facts sub judice the motion for discharge should have been denied in accordance with subsection (d)(3) of Rule 3.191 and the trial date rescheduled to commence within 90 days.
The decision of the District Court of Appeal is quashed. This cause is remanded to the District Court for further remand to the Circuit Court with instructions to discharge the writ of prohibition and dismiss the prohibition proceedings.
It is so ordered.
ROBERTS, BOYD, DEKLE and OVERTON, JJ., concur.
ERVIN, J., dissents with opinion, with which McCAIN, J., concurs.
ERVIN, Justice (dissenting):
In my opinion there is no conflict with Turner v. State ex rel. Pellerin (Fla. 1973), 272 So.2d 129, cited therefor by petitioner, or with State ex rel. Hanks v. Goodman (Fla. 1971), 253 So.2d 129, cited in Pellerin, and hence we have no jurisdiction in the instant case. The facts in Pellerin and Hanks are clearly distinguishable from this case.
In Pellerin after the respondent was arrested and informed against he filed a motion for speedy trial and after expiration of the time provided by Rule 3.191, Cr.P.R. he filed a motion for discharge. Subsequent to his motion for speedy trial but prior to his motion for discharge, the respondent moved to compel disclosure of evidence favorable to him and to compel certain witnesses to give depositions. Therein we held the District Court erred in discharging the respondent under the Rule on the sole ground that he failed to meet the requirement that he be prepared for trial at the time he filed his motion for speedy trial. Hanks similarly dealt solely with speedy trial upon demand pursuant to subsection (a)(2) of the Rule. In the instant case, however, the facts as stated by the majority and agreed upon by the parties clearly show respondent made no such motion or demand for speedy trial prior to his motion for discharge after expiration of the time provided by the Rule.
On the merits, the majority essentially holds that respondent's use of discovery procedures under the facts and circumstances of this case rendered him "unavailable for trial," contrary to subsection (a) (1) of the Rule, constituting excusable delay within the meaning of subsection (d) (2) of the Rule. As I read the Rule, in so holding the majority has correctly determined subsection (a)(1) of the Rule is applicable sub judice where no demand for speedy trial was made, but it has gravely misinterpreted the requirement thereof, as further provided in subsection (e), that an accused must be "continuously available for trial." Similarly, I think the majority has misconstrued subsection (d)(2) of the Rule.
Subsections (a)(1) and (e) provide in pertinent part as follows:
"(a)(1). Speedy Trial Without Demand.  Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. (Emphasis supplied.)
* * * * * *

*165 "(e) Availability for Trial.  The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term." (Emphasis supplied.)
Pursuant to these provisions of the Rule, the majority holds respondent was "unavailable for trial" inasmuch as when he moved for discharge under subsection (d)(1) he was involved in trial preparation by availing himself of criminal discovery tools. It appears to me that by this holding the majority has confused subsections (a)(1) and (e), which contain no reference to an accused's lack of preparation for trial, with subsection (c), which expressly applies to demand for speedy trial and provides as follows:
"(c) Demand for Speedy Trial; Accused is Bound.  A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial. Such demand may not thereafter be waived or withdrawn by the accused, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include lack of preparation, failure to obtain evidence or presence of witnesses, failure to have counsel, or other nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule." (Emphasis supplied.)
A close reading of the foregoing discloses that neither subsection (a)(1) nor subsection (e), both of which require that an accused be "continuously available for trial" and apply sub judice, require that an accused be "prepared for trial" as provided in subsection (c), pertaining only to demand for speedy trial and not applicable sub judice.
It is a general rule of statutory construction, similarly applicable to rules of procedure, that where different language is used in different parts thereof, it may be presumed that the language is used with different intent and the presence of a provision in one section and its absence from another effect an argument against reading it as implied by the section from which it is omitted. See 73 Am.Jur.2d Statutes § 235, and Florida State Racing Commission v. Bourquardez (Fla. 1949), 42 So.2d 87. In the absence of any showing to the contrary, I think the Rule must be construed in light of the foregoing to preclude a finding that an accused who makes no demand for speedy trial is "unavailable for trial" if he is "unprepared for trial."
I think the majority have also misapplied subsection (d)(2) of the Rule. They find that use of discovery procedures to prepare for trial is one type of delay envisioned thereby, presumably under subsection (iv) thereof permitting waiver or extension of the time established by the Rule by order of the court for
"a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trial motions, for interlocutory appeals, and *166 for trial of other pending criminal charges against the accused. For the purpose of this Rule, any other delay shall be excused."
I see no basis in this provision or any other part of subsection (d)(2) which envisions that delay by a defendant results from his use of discovery procedures. In fact, subsection (d)(2)(ii), read together with subsection (f), expressly excepts "lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays" from its application.
In effect, as I interpret the Rule, it is incumbent upon the prosecution to bring to trial within the time provided an accused who makes no motion or demand for speedy trial unless he is "unavailable for trial" as defined therein, or the time for trial may be extended as provided in subsections (d) (2), (d)(3), or (f). Since no such showing has been made of respondent's "unavailability," or cause for extension under the cited provisions, or of the prosecution's attempt to timely bring respondent to trial, I would let stand the order below discharging respondent.
Since adoption of the present speedy trial rule, I have witnessed the pronouncement of several opinions of this Court rationalizing away express language of the Rule and fashioning "loopholes" for the prosecution and trial court when time periods of the Rule have run. Apparently our trial courts and prosecutors cannot meet the requirements of the Rule and are continually before this Court to find "ways out."
Here we have another example of rationalization where a defendant's efforts to obtain discovery are turned against his right to speedy trial, when actually his efforts have nothing to do with his "availability" to stand trial. Non constat that he would not have proceeded to trial anyway whether his discovery was completed or not. Equating a defendant's discovery efforts with "unavailability" to avoid discharge of a defendant for failure to afford him a speedy trial has no foundation in the Rule. Failure to complete discovery is little different from a situation where a defendant is unable to secure the presence of a defense witness at trial but has the benefit of the speedy trial rule anyway.
I think the most forthright thing to do is to either drop the Rule or substantially modify it. This would avoid the continual rationalization of the express language of the Rule which is no credit to this Court.
I have carefully reviewed our speedy trial decisions since we adopted the Rule and am convinced that now the Rule is greatly emasculated. It has become by our interpretations more a pretense and sham than a real mechanism to further the speedy disposition of criminal cases. Like Marlborough of history, with our Rule we marched up the hill of trial progress with fanfare and flourish, but then retreated step by step in the face of the resistance of the old order of things.
For the reasons stated, I would discharge the writ.
McCAIN, J., concurs.