308 So.2d 600 (1975)
Herman ROSENWASSER, Trustee d/b/a Star Lake North, Appellant,
v.
The Honorable John SMITH, Judge of the Circuit Court of Dade County, Florida, Appellee.
No. 74-1679.
District Court of Appeal of Florida, Third District.
February 18, 1975.
Rehearing Denied March 17, 1975.
*601 Snyder, Young, Stern & Tannenbaum and Paul R. Lipton, North Miami Beach, for appellant.
Richard E. Gerstein, State's Atty., and Charles I. Poole, Asst. State's Atty., for appellee.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
This is an appeal from an order of the circuit court, criminal division, denying the appellant's suggestion for a writ of prohibition.
Appellant was charged in an information filed by the state with misleading advertising; advertising without intent to sell as advertised; doing business without a license; and doing business without registering a fictitious name.
An arraignment was held on July 15, 1974 in county court (which has trial jurisdiction of this cause). Thereafter, the appellant filed a motion for discovery which the court granted, ordering the state to comply with each aspect of the appellant's discovery motion as well as his request for a statement of particulars.
The appellant then encountered difficulty in obtaining certain statements from the state which were made by witnesses for the state. Due to this delay and due to the alleged complexity of the state's case against him, the appellant contends that he was forced to postpone the taking of depositions of the witnesses until such time as their statements could be obtained.
A trial date was set for September 9, 1974; however, on September 4, 1974, the appellant moved for a continuance on the ground that his defense would be prejudiced if he were forced to go to trial without an opportunity to depose the state's witnesses. The continuance was granted.
Thereafter, the appellant on September 6, 1974 filed a motion to compel discovery of the statements, and following a court hearing on September 12, 1974, the state permitted the appellant to have copies of the statements he sought.
However, there were soon other discovery difficulties which surfaced stemming from the state's objections to questions posed to its witnesses during their depositions.
Finally, on October 18, 1974, the appellant filed in the trial court a motion for discharge contending that the 90-day speedy trial period provided by RCrP 3.191(a)(1) had run. The trial court denied the motion, and the appellant sought a writ of prohibition in circuit court, sitting as an appellate court.
The circuit court determined that the appellant had not shown a prima facie case *602 for issuance of the rule nisi, and accordingly denied the suggestion for a writ of prohibition. Appellant then filed this appeal.
We agree with the circuit court that no prima facie case was stated in the suggestion for a writ of prohibition under the authority of both State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861; and Rubiera v. Dade County, Florida ex rel. Benitez, Fla. 1974, 305 So.2d 161, (opinion filed December 11, 1974).
In our view the appellant effectively waived the strict time provisions of the speedy trial rule when he obtained a continuance.
In addition, the appellant was not "continuously available" for trial as the term employed in Rule 3.191(a)(1) was defined by the Supreme Court in Rubiera.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.