PER CURIAM.
Appellants were charged in the trial court with breaking and entering with intent to commit a felony, to wit: larceny of a firearm, and with larceny of a firearm. They filed a motion seeking discharge, alleging a violation of the speedy trial rule, which motion was denied. On the same day the defendants appeared before the trial court and entered a plea of nolo con-tendere to the offense charged in the second count of the information, viz: larceny of a firearm. The learned trial judge, after interrogating appellants as to the volun-tariness of their pleas and after advising them that their pleas constituted a waiver of certain constitutional rights, accepted the pleas of nolo contendere to the charge of larceny of a firearm, ordered that adjudication of guilt and imposition of sentence be withheld, and further ordered that both appellants be placed on probation for a period of three years. In what appears to be obviously a scrivener’s error, the formal orders withholding adjudication of guilt and placing appellants on probation provided that they both plead guilty to the offense of breaking and entering with the intent to commit a felony, to wit: larceny of a firearm, as charged in Count One of the information. However, as above recited, the transcript of the proceedings reflects that the defendants plead nolo contendere to larceny of a firearm as charged in Count Two of the information.
We find that the learned trial judge correctly ruled on appellants’ motions for discharge. (State ex rel. Butler v. Cullen, Sup.Ct. Fla. 1971, 253 So.2d 861.) However, the discrepancy between the record and the formal order above mentioned should be corrected. This cause is therefore remanded to the trial court with directions that corrected orders be entered. It is not necessary that appellants be returned to the trial court for such purpose. Upon corrected orders being entered this cause shall stand
AFFIRMED.
BOYER, C. J., and RAWLS and Mc-CORD, JJ., concur.