PER CURIAM.
By an indictment the appellant was charged with the crime of first degree murder. Tried before a jury, he was found guilty of second degree murder. He was so adjudged, and was sentenced to imprisonment for a term of twenty-five years. His motion for new trial was denied on December 23,1975. A timely appeal was not filed.
On February 27, 1976, the appellant filed a petition for a writ of habeas corpus in this court. Observing therein basis for granting a delayed appeal [Baggett v. Wainwright, 229 So.2d 239 (Fla.1969)] an order was entered for treating the petition as a notice of appeal.
This appeal challenges the correctness of a ruling of the trial court, made prior to the trial, denying a motion of the defendant to be discharged from the crime on the ground that he had not been brought to trial within the time required by the speedy trial rule. Fla.R.Crim.P. 3.191(a)(1).
The arrest of the defendant for the criminal episode was made on June 13, 1975. The public defender was appointed to represent him. Discovery by defendant was commenced in August of 1975. Thereafter, because of some conflict of interest the public defender was removed as the attorney for the defendant, and special counsel was appointed to defend him. The trial was set for October 6, 1975. Defendant’s counsel noticed discovery depositions, of certain proposed state witnesses, for October 1, 1975. Some of the witnesses to be deposed did not appear on that date. Defendant’s counsel moved for a continuance, and for the continuance if granted, be charged to the state. The court granted the defendant’s motion for continuance, but denied his request that it be charged to the state. As a result of the delay occasioned by the continuance, the trial was then set to be held on a date which was more than 180 days from the date of arrest.
On December 15, 1975, the defendant moved for discharge. The court entered an order denying the motion. The appellant contends that order was erroneous. On consideration thereof in light of the record and briefs, we hold that ruling was not error. The requirement for a defendant to be brought to trial within 180 days from the date of his arrest will be removed by the defendant seeking and obtaining a continuance. Fla.R.Crim.P. 3.191(d)(3), and (e). King v. State, 303 So.2d 389, 391 (Fla.3d DCA 1974); Rosenwasser v. Smith, 308 So.2d 600 (Fla.3d DCA 1975).
On this record we do not find basis in law to disturb the ruling by which the trial court concluded there was no rational basis to relieve the defendant from the legal effect of having obtained the continuance. In consideration of that matter the trial court had a substantial measure of discretion. King v. State, supra. The difficulties or delays encountered by the defendant in obtaining the desired discovery were not shown to be caused by the state. The circumstance that such discovery was not attempted, or not completed until a few days before the date set for the trial would not serve to obviate the effect, under the rule, of the defendant’s request for a continuance, for further time to make himself ready and available for trial. State ex rel *225 Butler v. Cullen, 253 So.2d 861 (Fla.1971); Rosenwasser v. Smith, supra.
No reversible error having been made to appear, the judgment and sentence are affirmed.