PER CURIAM.
The State of Florida appeals an order granting defendant’s motion for dismissal and discharge from further prosecution because he was denied his right to a speedy trial.
Defendant-appellee, Joseph Walton White, was arrested on April 6, 1972 for rape and three misdemeanor charges — procuring for prostitution, contributing to the delinquency of a minor and making an obscene telephone call. On April 12 White was arraigned on the misdemeanor charges, and on April 28 his counsel’s motion for a psychiatric evaluation of White was granted. On May 31 White was committed to the South Florida State Hospital as a mentally disordered sex offender pursuant to Section 917.13, Florida Statutes (1970) as part of his plea negotiation on the misdemeanor charges. On August 11 White was discharged from the hospital; however, on August 16 he was again adjudged a mentally disordered sex offender and after a hearing on August 28 was committed under the above statute to the South Florida State Hospital. On September 11 White was informed against for rape. After escaping from the hospital and a series of discharges and recommitments, White was finally discharged on December 19, 1975 and adjudged competent to stand trial on the rape information. Following a demand for a speedy trial filed on January 27, 1976, White’s counsel moved for discharge on the ground that White had not been brought to trial for the alleged rape within 180 days of his arrest. This motion for dismissal and discharge was granted and the State appeals. We reverse.
After White’s arrest for rape and the three misdemeanor charges, White’s counsel moved for a psychiatric evaluation and this motion was granted. Thus, the 180 day time limitation in the rule was waived. Chester v. State, 298 So.2d 529 (Fla.3d DCA 1974).
Further, as a result of this psychiatric evaluation, White as part of his plea negotiations was committed to the hospital as a mentally disordered sex offender on May 31, 1972, and the time under the speedy trial rule was tolled as of that date until White was adjudged competent to stand trial on January 15, 1976. See Section 917.20, Florida Statutes (1975) and Grisham v. State, 319 So.2d 130 (Fla.1st DCA 1975).
*838 There being no unreasonable or unnecessary delay attributable to the prosecution in bringing White to trial, the court erred in granting the motion for discharge. We reverse the discharge order and remand the cause to the trial court for further proceedings.
Reversed and remanded.