**STATE v. WERNER.**

No. 77-061345 TT10-A.

County Court, Broward County.

December 15, 1977.

Ray Sandstrom, Fort Lauderdale, for the defendant.

EUGENE S. GARRETT, County Court Judge.

This matter having been heard by the court on December 14, 1977 on the defendant's oral motion for discharge under Florida Rules of Criminal Procedure 3.191(d)(1), and the court having had the opportunity to consider the legal arguments of counsel, makes the following determinations and conclusions —

1) On July 31, 1977 the defendant was arrested for driving while intoxicated, a misdemeanor offense under F.S. 316.193.

2) On August 29, 1977 the defendant filed a demand for discovery pursuant to Florida Rules of Criminal Procedure 3.220(a)(1).

3) On October 10, 1977 this matter was set for trial at which time the defendant requested and obtained a continuance because the state had to that date not complied in any way with his demand for discovery.

4) On October 14, 1977 the state filed its answer to discovery pursuant to Florida Rules of Criminal Procedure 3.220(a)(1).

5) On December 14, 1977, a date beyond the ninety day requirement of Florida Rules of Criminal Procedure 3.191(a)(1), the case was again set for trial, without any request by the state to that date to extend the said requirement as permitted pursuant to Florida Rules of Criminal Procedure 3.191(d)(2) and (d)(3) under such circumstances.

6) No showing by the state has been made that the defendant was not continually available for trial since his arrest.

It is therefore ordered and adjudged that the defendant's motion for discharge is granted. *Troy v. State,* 341 So.2d 223 (Fla. 3rd DCA 1976), stands for the proposition that where "the difficulties or delays encountered by [a] defendant in obtaining the desired

discovery [are] shown to be caused by the state" (as in this case) there is a rational basis to relieve a defendant from the legal effect of having obtained a continuance for such purpose.

Further, as stated by Justice Erwin in his dissenting opinion in *Rubiera v. Dade County ex. rel. Benitez,* 365 So.2d 161 (Fla. 1974), (which decision antedates the enactment of Florida Criminal Rules of Procedure 3.220) — "a defendant's efforts to obtain discovery *** have nothing to do with his 'availability' to stand trial."

And lastly, *Sumbry v. State,* 310 So.2d 445 (Fla. 2nd DCA 1975), requires that a defendant have a reasonable opportunity to prepare his defenses in order that he be afforded the constitutionally guaranteed right of due process and not having such a reasonable opportunity because of the apparent lack of diligence on the part of the state (without any show of justification) any continuance of a defendant shall be deemed coerced if, as in this case, a defendant is forced without fault on his part, to choose between his right to discovery and his right to a speedy trial. The proper recourse for the state would be to move for an extension of the speedy trial time prior to its expiration, not, as done in this case, to place a defendant at a crossroad in the proceedings to choose which constitutional right he will pursue with the effect of giving up another to which he is equally entitled. See also *State ex rel. Wright v. Yawn,* 320 So.2d 880 (Fla. 1st DCA 1975).