THOMPSON, Judge.
The appellant was charged with trafficking in stolen property, which consisted of the “royalty rights and/or services” of several popular singers. After a jury trial, the appellant was convicted and he now appeals his conviction. We affirm.
The appellant initially argues that the State’s prosecution of this case was unconstitutional because the activity of dealing in “bootlegged” tape recordings is controlled exclusively by federal copyright laws. See 17 U.S.C. §§ 106-118, 301, 501-510. However, the appellant was not charged with engaging in “bootleg” activities. Instead, he was charged with dealing in stolen royalty rights and/or services, which belonged to various performers, not under federal copyright law, but under various private contracts. These private contractual rights constitute property, see § 812.012(3)(b), Fla.Stat., that are not within the ambit of the federal copyright law.
The appellant also argues that because the State failed to file an information until 149 days after his arrest, his right to due process was abrogated. However, the appellant failed to move for a continuance chargeable to the State. See Mulryan v. Judge, Division “C” Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977); State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), cert. den. 334 So.2d 609 (Fla.1976). Instead, the appellant filed a written document with the court, wherein he stated that he waived his right to move for a continuance, “notwithstanding that his attorney has advised him that he should move to continue the cause until he has had the opportunity to properly prepare the case for trial.” Accordingly, the appellant cannot properly complain on this appeal that his right to due process has been denied, since his waiver of his right to a continuance was clearly not coerced. See Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975).
We have considered the other points raised by the appellant and find them to be without merit. Therefore, the judgment of conviction is affirmed in its entirety.
MILLS, C. J., and McCORD, J., concur.