HURLEY, Judge.
This is a speedy trial case in which the state appeals an order granting defendant’s motion for discharge. We reverse.
On December 7, 1978, the date set for defendant’s trial, an associate of defense counsel appeared before the court and represented that defense counsel was in the midst of an on-going trial. Also, he informed the court that since the filing of the information in this case, defendant, as a result of other charges, had been incarcerated in the state prison system outside of Broward County and thus, defense counsel had been unable to communicate with the defendant for the past sixty days. Associate defense counsel then moved for, and obtained, a continuance.
The case was reset for trial on March 13, 1979, but prior thereto, the defense moved for discharge on the ground that 180 days had expired since defendant was first taken into custody. Defense counsel argued, and the trial court agreed,[1] that the December 7th continuance should have been charged to the state since it was the state’s inaction of failing to return the defendant to Bro-ward County which primarily necessitated the continuance. We disagree.
Without question, the right to assistance of counsel includes the right to consult with counsel. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). If an attorney incurs difficulty in this regard, he should promptly bring the matter to the attention of the trial court for appropriate relief. In the case at bar, however, trial counsel failed to take any action. Though the record reflects motions to dismiss and for discovery, we find no defense request that the defendant be returned to Broward County so that he might assist counsel in the preparation of his defense. We further note that there is no suggestion in the record that defendant’s incarceration at a place outside of Broward County was purposefully undertaken by the state to frustrate or impede the preparation of the defense. Given these facts, we hold that it was error to charge the December 7th defense continuance to the state.
In State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971), the court held that when a defendant moves for and is granted a continuance, the 180-day limitation set forth in Rule 3.191(a)(1) is no longer applicable. Defendant, however, must be brought to trial within a reasonable time. See also, Butterworth v. Fluellen, 389 So.2d 968 (Fla., 1980). Since the December 7th continuance was granted at the behest of the defense, it had the effect of waiving the *775 180-day time limitation. Furthermore, the March 13th trial date fulfilled the “reasonable time” requirement of Butler, supra. Thus, we hold that it was error to grant defendant’s motion for discharge and accordingly, we reverse the order of discharge and remand the cause for further proceedings consistent with this opinion.
LETTS, C. J., and BERANEK, J., concur.

. Defendant’s motion for discharge was heard and granted by a successor to the judge who granted defendant’s motion for a continuance on December 7, 1978.