BERANEK, Judge.
The State appeals the granting of defendant’s motion to discharge on speedy trial grounds. Defendant was arrested on November 8, 1980, on the charge of bookmaking. The State filed an information charging defendant with promoting a lottery on February 4, 1981, and arraignment was set for February 26, 1981. The record shows that defendant’s counsel was aware of the scheduled arraignment but instead filed a written plea of not guilty and waived the formal arraignment by a pleading filed February 23, 1981. A motion to dismiss the information was also filed on that date. For some inexplicable reason, defendant was thereafter “arraigned” on April 3, 1981. Defense Counsel asserted he then received the information on April 7, 1981, and the next day filed for discovery which the state responded to on April 27, 1981. Trial had been previously set for May 4, 1981, at which time defense counsel moved for a continuance to be charged to the State, alleging:
Apparently, the defendant in this matter was arraigned on April 3rd, and I received the Information on the 7th. I filed my discovery on the 8th. I didn’t receive my discovery until four working days ago, last Monday.... As a result of receiving it on that day, I had approximately four working days to subpoena, depose and serve the witnesses. I haven’t even had an opportunity to file a motion to suppress and motion to dismiss, which the case will require.
The trial court granted the continuance and charged it to the State because “the defendant moved along as quickly as he could under the circumstances.” Prior to the second trial date of July 10, 1981, defendant made a motion for discharge on speedy trial grounds which was granted.
We reverse. It is clear that the trial court was not aware of the written plea of not guilty and the waiver of formal arraignment which were filed on February 23, 1981. Moreover, the court was unaware that defense counsel had filed what he referred to as a “form” motion to dismiss on the same date. Counsel waited a month and a half after filing these documents to file his discovery demand. Further, it is clear that the information was in defense counsel’s hands as early as February 23, 1981. The defendant should not be allowed to plead to an information, waive arraignment and file defensive motions and later obtain a continuance charged against the state on the unexplained ground that he had not received the information until substantially later. We find that counsel’s own delay necessitated the continuance; it should have been charged to the defendant, not the State. The order granting discharge is therefore reversed.
REVERSED AND REMANDED.
LETTS, C. J., and ANSTEAD, J., concur.