## WALLACE v. STATE OF FLORIDA, et al.
No. 80-246 AC
Eleventh Judicial Circuit, Dade County, Appellate Division
November 3, 1982

Bennett H. Brummer, Public Defender and Andrew M. Kassier, Asst. Public Defender, for appellant.

Jim Smith, Attorney General, Janet Reno, State Attorney and Milton Robbins, Asst. State Attorney, for appellee.

Before DURANT, GODERICH, ORR, JJ.

PER CURIAM

Appellant appeals from his conviction for two counts of resisting arrest without violence and one count of battery. We find that Appellant's constitutional right to due process of law was violated and reverse upon the authority of *Sumbry v. State,* 310 So.2d 445 (Fla. 2 DCA, 1975).

On June 13, 1980, Appellant was arrested and charged with the *felonies* of aggravated battery, resisting arrest with violence and battery on a police officer. On July 30, 1980, 47 days after his arrest, Appellant was charged by Information with the *misdemeanors* of battery (three counts) and resisting arrest without violence (three counts). Appellant was arraigned on August 22, 1980, 70 days after his arrest. A demand for discovery was made at the arraignment by the Public Defender who had been appointed to represent Appellant. The cause was set for trial on September 5, 1980, 84 days after Appellant's arrest. On Friday, September 5, 1980, the cause came before Dade County Court Judge Farina, at which time the State provided Appellant with discovery and the names of State witnesses. Judge Farina, acknowledging the difficulties inherent in deposing the witnesses who had been provided to Appellant, continued the trial until September 12, 1980. Judge Farina, while pointing out that the State had not violated any of the discovery provisions of the Florida Rules of Criminal Procedure, apparently charged the continuance to the State (R.10-13). On September 9, 1980, pursuant to the State's *ore tenus* motion, Appellant was notified that

trial was to be held on Thursday, September 11, 1980, 90 days after Appellant's arrest. (Apparently aware of the speedy trial problem inherent in holding trial on September 12, 1980, 91 days after Appellant's arrest, the State moved to set back the trial date to September 11, 1980). The cause proceeded to trial before County Court Judge Carney on Thursday, September 11, 1980. At the commencement of trial, defense counsel moved for a continuance *chargeable to the State.* Defense counsel informed the Court that he had *not* had the opportunity to (a) depose two State witnesses, and (b) transcribe the deposition of Officers Allen and Manser, taken on September 9, 1980.

Citing the cases of *Sumbry v. State,* 310 So.2d 445 (Fla. 2 DCA, 1975), and *State ex rel Wright v. Yawn,* 320 So.2d 880 (Fla. lst DCA, 1975), defense counsel argued that Appellant was *not* required to make the "Hobson's choice" of choosing between adequate discovery and a speedy trial (R. 21-22). After Judge Carney ruled that he would continue the cause, *chargeable to the defense,* defense counsel stated that he would not waive Appellant's speedy trial rights (R. 31). Rather, defense counsel elected to proceed with the trial, albeit being unprepared and without transcriptions of the various depositions (R.31). At the ensuing non-jury trial before Judge Carney, the sole evidence consisted of the testimony of Officers Allen and Manser. At the conclusion of the evidence, the Court entered a judgment of acquittal as to the charge of battery against Office Manser, i.e., Count 6 (R.56). Appellant, however, was adjudicated guilty of Counts 3, 4 and 5, and was sentenced to a (concurrent) nine day term of imprisonment to be served on consecutive weekends (R. 69).

In *Sumbry,* an Information was filed 171 days after the defendant's arrest. Defense counsel filed a discovery demand on the l72nd day. On the l78th day the defendant was tried and convicted. Prior to trial, defendant had moved to dismiss on the ground that the State's delay in prosecuting deprived him of a reasonable time to prepare for trial. In this regard, defense counsel had learned of two potential witnesses and a fingerprint expert, for the first time, on the morning of the trial. Defendant declined to waive his right to speedy trial by moving for a continuance.[1] The Court reversed defendant's conviction on grounds that he was not given a reasonable opportunity to prepare his defense.

---

[1]Although Sumbry declined to move for a continuance, the Court construed such waiver to be coerced. However, in *Crow v. State,* 392 So.2d 919, (Fla. 1 DCA, 1980), the defendant failed to move for a continuance chargeable to the State and filed a written document stating that he had, over advise of counsel, waived his right to move for a continuance. The *Crow* court held that appellant's waiver of his right to a continuance was not coerced and that he could not challenge any denial of his right to due process.

It is thus submitted that the State's delay in not providing Appellant with discovery until September 5, 1980, 6 days before the expiration of the speedy trial period on September 11, 1980, denied to Appellant his right to due process by preventing him from having a reasonable time to prepare for trial. The Court in *Sumbry,* supra, made the following comments:

> Concededly, of course, the prosecution in any case might delay the filing of an information until so far into the 180 day period that the defendant's defense might be embarrassed if trial were held within that time. Unfairly, he may thus subtly be forced to make the unhappy choice between a speedy trial and a fair opportunity to prepare his case as was appellant's choice here. The trial judges of this state, however, have a proven track record on their ability to perceive oppressiveness or prosecutorial overzealousness. Upon reaching such a conclusion, a trial judge would be well within his rights we think to determine that the spirit of the speedy trial rule was violated, if not the letter, set the earliest trial date beyond 180 days and discharge the defendant upon the latter's motion on the 181st day. There is no indication that the trial judge here reached such a conclusion, however, and there is nothing in the record to support such a conclusion if he had.

See also *Lightsey v. State,* 364 So.2d 72 (Fla. 3 DCA 1978), where it was held that the Court erred in denying appellant's motion for continuance where the State had filed its Information more than 147 days after defendant's arrest.

We are cognizant of those cases which hold that a continuance should be charged to a defendant in order to facilitate discovery received shortly before trial. *Wright v. State,* 396 So.2d 864 (Fla. 3 DCA 1981); *Troy v. State,* 341 So.2d 223 (Fla. 3 DCA 1976); *Rosenwasser v. Smith,* 308 So.2d 600 (Fla. 3 DCA 1975). However, the following language in *Troy,* supra, at 224, distinguishes those cases:

> "The difficulties or delays encountered by the defendant in obtaining the desired discovery were not shown to be caused by the State."

*State v. Stell,* 407 So.2d 642 (Fla. 4 DCA 1982) suggests that where the need for additional time [to complete discovery] results from the State's action, continuances are charged to the State.[2]

---

[2]But see *State v. James,* 410 So.2d 666 (Fla. 4th DCA 1982) where the Court stated, "counsel's own delay necessitated the continuance; it should have been charged to the defendant, not the state."

Here, the gist of Appellant's case is predicated upon the assumption that the State was not diligent in providing discovery to Appellant and in not arraigning him until 70 days after his arrest.

In *Rutledge v. Wainwright,* 625 F.2d 1200 (5th Cir. 1980), the court discussed the current state of speedy trial law in Florida. The Rutledge court opined that where the State's dereliction forces a defendant to choose between an abbreviated discovery period or forfeiture of his right to a speedy trial, the egregious delay should not be attributable to the defendant merely because the defendant has filed the actual continuance request. Rather, in such an instance, the continuance should be attributed [charged] to the State so that defendant's speedy trial rights will not be affected. *State v. Stell,* supra.

It is thus suggested that here, since the State was not diligent in its discovery efforts, the Court should have continued the cause attributable to the State. Sumbry suggests the Court could have continued the cause past the speedy trial period and, upon expiration of the speedy trial period, dismissed the cause. Since the Court did not take this course of action, Appellant's due process rights were violated and Appellant's conviction must be reversed and this cause remanded with directions to discharge the defendant under the Speedy Trial Rule.

REVERSED AND REMANDED WITH DIRECTIONS.