# STATE OF FLORIDA v QUEENER
## Case No. 87 200 AC (County Court Case No. 27980, 1NR)
Eleventh Judicial Circuit, Appellate Division, Dade County
January 11, 1988

### APPEARANCES OF COUNSEL
**Robert A. Butterworth,** Attorney General, and **Fariba N. Komertz,** Assistant Attorney General, for appellant.

**Donald A. Dion** and **Essen & Essen, P.A.,** for appellee.

Before KAYE, ROBINSON, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

■■■■■■■

The issue in this case is whether the trial court was correct in granting a motion for discharge under RCrP 3.191 because defendant had been continuously available and was not brought to trial within ninety days. The discharge occurred because the defendant was not able to depose witnesses he learned about from taking a witness's deposition. The defendant was given eleven days before the trial to take the depositions but he was unable.

"It is not the responsibility of the State to produce witnesses subpoenaed by the defense for discovery purposes." *State v. Bonamy,* 409 So.2d 518 (Fla. 5th DCA 1982); *State v. Roig,* 305 So.2d 836 (Fla. 3d DCA 1974); *Rosenwasser v. Smith,* 308 So.2d 600 (Fla. 3d DCA 1975). As was stated in *Rubiera v. Dade County ex rel Benitez,* 305 So.2d 161 (Fla. 1974). "The guarantee of Rule 3.191 is not inconsistent with the accused's right to utilize discovery tools available to him." This is because a defendant may demand to be brought to trial within sixty days of a demand made when he or she has completed discovery. RCrP 3.191(a)(2).

The order of discharge is vacated and the case is remanded to the County Court to reset the defendant's trial.