PER CURIAM.
This is a proceeding in prohibition wherein the Relator seeks to prohibit the Criminal Court of Record of Duval County, Florida, from proceeding with further prosecution of the Relator on a charge of manslaughter and aggravated assault, and further seeking an absolute discharge because of the violation of Rule 3.191, Florida Rules of Criminal Procedure, 33 F.S.A., commonly referred to as the “speedy trial rule”.
Relator, formerly a policeman with the City of Jacksonville, Florida, was indicted by the Grand Jury of Duval County, Florida, on June 18, 1971, for manslaughter. Said Indictment was certified to the Criminal Court of Record of Duval County, and the State Attorney for said County filed an Information in said court on June 23, 1971, charging the Relator with manslaughter in the shooting of one Donnie Ray Hall on June 10, 1971. The case was set for trial on September 27, 1971. On the date for trial, September 27, 1971, the trial began and at the time of recessing at 5 p. m., four jurors were tentatively tendered. On the next morning at 9:30, when the trial resumed, in the presence of the entire jury venire, in open court, the State of Florida, through its First Assistant State Attorney, announced that the State would nolle prosequi the case against Relator herein. Attorneys for Relator inquired whether the State intended to prosecute at a later date, to which the prosecutor replied that this was a prosecutorial decision *454 to be made at an appropriate time. Immediately upon said announcement, the defendant made demand for a speedy trial, dictating into the record, in open court, in the presence of the State Attorney, the said demand for a speedy trial and that the defendant was available and ready for trial, had diligently prepared his case and prepared for trial and demanded that the prosecution proceed.
The trial court had no authority to refuse the nolle prosequi inasmuch as the jury had not been fully drawn and sworn in, and the entry of a nolle prosequi was within the control of the prosecuting attorney; but attorney for the defendant objected to the nolle prosequi and made as a part of the record a demand for speedy trial, which was notice to the State and the court that a speedy trial was demanded.
Florida Rules of Criminal Procedure, Rule 3.191 (formerly Rule 1.191) provides, inter alia, that if a demand for a speedy trial is filed in the court having jurisdiction, and upon service of a copy of such demand upon the prosecuting attorney, such person shall be brought to trial within sixty (60) days, unless the State is granted a continuance because of “exceptional circumstances” as defined elsewhere in the Rule.
On November 4, 1971, an assigned State Attorney filed another Information against the Relator in the Criminal Court of Record of Duval County charging him with aggravated assault in one count and with manslaughter in the other count. The charges arose out of the same shooting of Donnie Ray Hall on June 10, 1971, as alleged in the first Information which had been nolle prosequi in September 1971. On November 19, 1971, Relator filed a motion to dismiss the Information primarily on the ground that the defendant’s constitutional rights to a speedy trial would be violated, and as reasons therefor related the proceedings which had transpired on September 27 and 28, 1971, including the demand for speedy trial made as a part of the record in said former trial. On November 25, 1971, attorneys for the defendant served on the State Attorney of .Duval County, a copy of a motion for discharge, which was filed in the Clerk’s Office on November 30, 1971. Both motions, as well as the amended motion made November 24, 1971, were argued before the court on November 30, 1971, and said motions were denied. Trial was set for December 13, 1971.
We are confronted with the question of whether or not the demand for a speedy trial made on September 28, 1971, in open court and in the presence of the State Attorney and transcribed in the court proceedings, as outlined above, is sufficient compliance with Rule 3.191 to warrant a discharge of Relator.
It is apparent from the Rule and decisions relating to speedy trials, that the prosecuting officers must be put on notice that the accused is seeking a speedy trial, or to be tried within the time provided or to be discharged.
In the case sub judice, the State Attorney was put on notice when the Relator’s demand was made on September 28, 1971. The State Attorney was in court and heard the demand for speedy trial as it was read into the court record, wherein the defendant admitted that he was ready and available for trial and prepared for trial. At the time, September 28, 1971, the State Attorney had announced his nolle prosequi, insofar as the Information was concerned, but the Indictment from the Grand Jury was still outstanding.
We find in Florida Civil Procedure Rule 1.110 that motions shall be in writing, unless made during a hearing or trial. This is true as to pleadings and motions made during a hearing in a criminal case, and therefore the provisions of the Rule 3.191 have been substantially complied with. The demand was made in court, in the presence of the State Attorney, and the crux of the prosecution, the Indictment, was outstanding and the demand for speedy trial was not premature because of *455 the nolle prosequi, but carried back the initial prosecution, to wit: the Indictment.
For these reasons, we think and so hold: that the trial court erred in denying the defendant’s motion for discharge; that the same should be granted and the Relator discharged; and that the Respondent is prohibited from further exercising any jurisdiction on Information No. 71-5950, State of Florida vs. Frank Fouraker, or on Grand Jury Indictment No. 71^-2-C, or in entertaining any further prosecution from the episode of June 10, 1971, involving the Relator herein.
Prohibition granted.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.