PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 258 So.2d 453. Jurisdiction is based on conflict between the decision sought to be reviewed and the decisions of this Court in State ex rel. Hanks v. Goodman,[1] and State ex rel. Butler v. Cullen.[2]
The question presented is whether a demand for speedy trial made orally in open court satisfies the requirements of Rule 3.-191, Florida Rules of Criminal Procedure, 33 F.S.A. The trial court held the demand insufficient and denied motion for discharge. The District Court ruled respondent entitled to discharge and issued prohibition stating:[3]
“We are confronted with the question of whether or not the demand for a speedy trial made on September 28, 1971, in open court and in the presence of the State Attorney and transcribed in the court proceedings, as outlined above, is sufficient compliance with Rule 3.191 to warrant a discharge of Relator.
% ‡ ífí >|c ij<
“We find in Florida Civil Procedure Rule 1.100 that motions shall be in writing, unless made during a, hearing or trial. This is true as to pleadings and motions made during a hearing in a criminal case, and therefore the provisions of the Rule 3.191 have been substantially complied with.” (Emphasis theirs)
Respondent was indicted by the Duval County Grand Jury on June 18, 1971, for manslaughter. An information was filed on June 23, 1971, based on the indictment. The cause was set for trial on September 27, 1971, and on that date the trial began. At the time of recessing, at 5:00 p. m., four jurors were tentatively tendered. The next morning at 9:30 a. m., when the trial resumed, the State announced that it would nolle prosequi the case against respondent *758 herein. At that time counsel for respondent stated:
“Your Honor, the defendant, Frank Fouraker at this time objects to the State taking a nolle prosequi on the grounds that the defendant has gone to a lot of expense in preparing his defense to this case. The attorneys for the defendant have prepared their case for trial, they are ready to go to trial. This was the day that was set, it was set some months ago. The State was agreeable to it and to file a subsequent information at a later time against this defendant would cause him additional expense. He has been temporarily suspended from the police department pending these charges. It is the only thing the police department could do until the disposition of it. In fact they had a hearing set before the Civil Service Board next week on these charges and his suspension, and to hold this thing in abeyance and hold it over his head just because the State doesn’t feel that this is the proper time to proceed to trial is a deprivation of the rights of this defendant, a deprivation of his right to a speedy trial. And the defendant for those reasons objects to any nolle prosequi and requests that this Court reject the nolle prosequi and proceed with the trial of this case.”
A second information was filed on November 4, 1971. On November 25, 1971, respondent filed a motion to discharge, which was argued before the Court and denied November 30, 1971. Trial was set for December 13, 1971, within 180 days from the date respondent was first taken into custody on the charge.
On December 6, 1971, respondent filed a suggestion for writ of prohibition in the District Court of Appeal. On February 10, 1971, the District Court issued its writ of prohibition, prohibiting petitioner, as Judge of the Criminal Court of Record, Duval County, from further exercising any jurisdiction on the information. The basis of the District Court’s holding, set out in pertinent part above, was that respondent had demanded a speedy trial in open court and, since the demand was made at a hearing or trial, it was unnecessary that it be in writing.
The decision of the District Court in the instant case conflicts with prior decisions of this Court in Goodman and Cidlen, supra, wherein the requirements of the speedy trial rule regarding a written demand filed with the Court having jurisdiction and served on the prosecuting attorney, were stated. The rule itself clearly contemplates that a demand for speedy trial be in writing and filed with the Court having jurisdiction. The rule also provides for service of a copy of such a demand upon the prosecuting attorney.[4] It is questionable that counsel’s remarks in objecting to the entry of the nolle prosequi, set out supra, can be considered a demand for a speedy trial. In any event, we cannot agree with the District Court that an oral demand for speedy trial, even one made in open court in the presence of the prosecuting attorney, satisfies the requirements of the rule. The turmoil and confusion that would result from allowing oral demands for speedy trial are obvious. An equally important consideration is the need for careful compliance with the require *759 ments of the speedy trial rule if the rule’s integrity is to be preserved.
We hold therefore, that respondent’s oral statements made in open court did not constitute a demand for speedy trial within the purview of Rule 3.191.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, Acting C. J., BOYD, Mc-CAIN and DEKLE, JJ., concur.
ERVIN, J., dissents.

. 253 So.2d 129 (Fla.1971).

. 253 So.2d 861 (Fla.1971).

. State ex rel. Fouraker v. McCauley, 258 So.2d 453, 454 (Fla.App. 1st 1972).

. Florida Rules Criminal Procedure, Rule 3.191(a) (2) :
“Speedy Trial Upon Demand. Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, . . . and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served.”