327 So.2d 46 (1976)
The STATE of Florida On the Relation of Richard Cade GENTRY, Relator,
v.
The Honorable Warren L. FITZPATRICK, As Judge of the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, Respondent.
No. AA-295.
District Court of Appeal of Florida, First District.
February 20, 1976.
J. Robert Hughes, of Barron, Redding, Boggs & Hughes, Panama City, for relator.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., Tallahassee, for respondent.
SMITH, Judge.
Invoking Rule 3.191, R.Cr.P., and our decision in State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla.App.1st, 1975), relator Gentry filed with us a suggestion for writ of prohibition to prevent his Bay County trial on charges of manslaughter in the motor vehicle deaths of three persons. We issued a rule nisi and have now considered respondent's return, the briefs and oral argument.
Gentry was arrested and charged on June 12, 1975, the night he allegedly killed three persons while driving a truck with culpable negligence and while intoxicated. Secs. 782.07, 860.01, F.S. 1973. The State did not file an information until October 31 and did not arraign Gentry until November 10. The trial was set to begin December 3. December 9 is 180 days from June 12.
The complexities of the case and the scattering of documentary evidence and witnesses made it apparent to Gentry's counsel that prodigious efforts to complete discovery before trial on December 3 would be unavailing. On November 14, Gentry filed a motion to discharge for denial of a speedy trial, citing the State's 141-day delay in bringing formal charges and the accused's resulting dilemma in choosing between a speedy trial and adequate discovery. The trial court took the motion under advisement until a day nearer the scheduled trial. On November 26, with the motion to discharge still not ruled on, Gentry's counsel applied to the trial court for a stay of all proceedings and for leave to abandon his rigorous schedule of depositions and investigation, that Gentry might apply here for a writ of prohibition. The *47 trial court granted the requested stay without prejudice to Gentry's right to speedy trial under Rule 3.191 and constitutional guarantees.
We intervened by writ of prohibition in Wright to prevent a criminal trial scheduled to begin beyond the Rule's 180-day period without sanction of a timely order extending the period under subsections (d)(2) and (f). Mullin v. State, 307 So.2d 829 (Fla.App.3d, 1975), cert. den. 317 So.2d 761 (Fla. 1975). After the period of the Rule had run, the trial court found that Wright had been unready for trial within 180 days because of his counsel's continuing discovery efforts, and so denied a motion for discharge. We held that the State's failure to try Wright within 180 days could not thus be retrospectively excused on grounds of unreadiness, when that unreadiness was itself a result of the State's 142-day delay in bringing formal charges.
Our Wright decision recognized that the accused's constitutional rights to a speedy trial and to the effective assistance of counsel are "co-equal" and that he cannot be coerced to sacrifice one in order to enjoy the other. 320 So.2d at 882. Duress always results, the Supreme Court said in another context, "where the choice is `between the rock and the whirlpool.'" Garrity v. New Jersey, 385 U.S. 493, 498, 87 S.Ct. 616, 619, 17 L.Ed.2d 562, 566 (1967).
The value of effective preparation by counsel is inestimable. Preparation for trial is simple only to the lazy or uninformed. It is complex to lawyers for whom no fact exists if it cannot be proven, who doubt the easy assumption and the merely plausible witness, who exhaust all hypotheses and themselves in tracking the evidence. Such craftsmanship in advocacy is the pride of our judicial system. Thus in any criminal case the accused has potentially conflicting interests in a speedy trial and in adequate investigation. That conflict is exacerbated when, as here, the State consumes most of the Rule's 180-day period before filing an indictment or information. But it does not follow, as the present suggestion assumes, that such a conflict may be relieved only by sacrificing one or the other of the accused's interests. His right to a speedy trial derives from the Florida and United States Constitutions, not from the Rule, and the Rule's 180-day prescription neither excuses a shorter but unconstitutional delay nor establishes an absolute deadline for trial in all events. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). Subsections (d)(2) and (f) permit a reasonable extension of the 180-day period by timely order entered in exceptional circumstances. Those circumstances may include an exceptional burden of preparation, noticed on the court's own motion if not on motion of a party. Rubiera v. Dade County, 305 So.2d 161, 163 (Fla. 1974).
The trial court acted within its power in delaying a ruling on the motion for discharge until the facts could be better known, just before the December 3 trial. If we were now to prohibit the trial on grounds that the trial judge could not constitutionally have denied Gentry a discharge, we would deprive the trial judge of the alternative that was still available to him under Rule 3.191(d)(2) and (f) when the proceedings below were stayed. That we cannot do.
In holding that the Rule did not require Gentry's discharge before the scheduled December 3 trial, we do not pass on the latent constitutional issue of whether, under the standards of Barker v. Wingo, supra, 407 U.S. at 530-33, 92 S.Ct. at 2192-93, 33 L.Ed.2d at 117-18, Gentry was denied the speedy trial assured him by the Constitution. If an attack based on those standards is made, the trial judge would of course consider the reasons for and the *48 reasonableness of the State's 141-day delay in filing formal charges.
The prayer of the suggestion for writ of prohibition is denied and the rule nisi is discharged.
RAWLS, Acting C.J., and McCORD, J., concur.