SMITH, Judge,
concurring:
Foster asserts that his speedy trial rights under Fla.R.Crim.P. 3.191 were violated by the State’s failure to retry him within 90 days after entry of a United States district court judgment granting his petition for habeas corpus and remanding him to state authorities. Subsection (g) of the rule provides in part:
“A person who is to be tried again shall be brought to trial within 90 days from . the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant . . ..”
While in my view a judgment in habeas corpus of a United States district court is “a mandate, order, or notice” of a “reviewing court which makes possible a new trial for the defendant,” within the meaning and application of the rule, the event which commences the time for new trial is not its entry but its receipt by the trial court. Verbal or other informal notice to the trial judge does not, under the rule, commence the period for retrial. Foster’s motion for discharge under the rule was therefore properly denied, but without prejudice to any claim for discharge he might have made on the principles of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See State ex rel. Gentry v. Fitzpatrick, 327 So.2d 46 (Fla. 1st DCA 1976). I concur in the judgment.