358 So.2d 55 (1978)
Jeffrey SUGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1822.
District Court of Appeal of Florida, Second District.
April 12, 1978.
As Modified On Denial of Rehearing May 10, 1978.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
*56 GRIMES, Judge.
Alleging a violation of his Sixth Amendment rights to a speedy trial, appellant filed a motion to dismiss which the trial court denied. Appellant then pled nolo contendere but reserved his right to appeal the denial of his motion to dismiss.
Appellant's motion was unsworn and no testimony was taken. Yet, the state stipulated to the facts stated in the argument of counsel. According to these statements, a burglary occurred at the home of Anthony and Carol DeVito in St. Petersburg on August 11, 1976. Sometime in December of 1976 the police concluded that appellant was the guilty party. On January 6, 1977, the state attorney's office filed an information charging appellant with the burglary. At that time one of the investigating detectives knew that appellant was incarcerated in a Florida prison on an unrelated charge. No detainer was lodged against appellant, and he was not notified of the burglary charge pending against him during his prison term. When appellant was released from prison in August of 1977, he was arrested on the burglary charge. He filed his motion to dismiss on October 14, 1977.
Appellant alleged that because of the delay in his arrest he was prejudiced to the extent that he could not remember his whereabouts at the time the burglary occurred. Moreover, he stated that he was unable to locate any witnesses who could testify as to what he was doing at that time.[1] After hearing arguments on the motion, the judge stated that he would be inclined to grant appellant's motion except for the fact that the state's delay in arresting appellant had not violated the Speedy Trial Rule.[2] The issue before us is whether a person can be denied his constitutional right to a speedy trial when the state seeks a trial within the time limits prescribed by the Speedy Trial Rule.
In State ex rel. Gentry v. Fitzpatrick, 327 So.2d 46 (Fla. 1st DCA 1976), our sister court said:
[The] right to a speedy trial derives from the Florida and United States Constitutions, not from the Rule, and the Rule's 180-day prescription neither excuses a shorter but unconstitutional delay nor establishes an absolute deadline for trial in all events... .
327 So.2d at 47. We think that this is a correct statement of the law. Thus, we hold that a delay in the prosecution of an offense which does not violate the Speedy Trial Rule may nevertheless violate a defendant's constitutional right to a speedy trial.
In view of this principle, it is clear that the trial court should have addressed the constitutional issue of whether the state denied appellant a speedy trial. We shall not do so now because the record is inadequate for that purpose and because we believe the trial court should first have a chance to directly pass on the issue. At this point no effort has yet been made to determine the reasons for the prosecutorial delay. Cf. United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). We, therefore, temporarily relinquish jurisdiction of this cause to the trial court for forty-five days from the date this opinion becomes final. Within the first thirty days of this period, the trial court shall hold a hearing to determine whether the appellant was deprived of his constitutional right of speedy trial. In so doing the court should consider the evidence presented in light of the standards set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and enter an order stating its findings and ruling on the appellant's motion for discharge. Within the remaining period of time appellant shall furnish this court a transcript of the hearing and a certified copy of the court's order. Thereafter, we *57 will make an appropriate disposition of this appeal.
BOARDMAN, C.J., and RYDER, J., concur.
NOTES
[1] See State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977), in which the court affirmed the dismissal of an information on grounds of prosecutorial delay where the defendant made similar contentions.
[2] Because the appellant was in prison, the state had a year to bring him to trial under the rule. Fla.R.Crim.P. 3.191(b)(1).