FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a judgment and sentence for burglary of a structure. Appellant pleaded nolo contendere reserving the right to appeal the denial of his motions for discharge for violation of the speedy trial rule.
The relevant dates are:
October 13,1977 Appellant arrested in Orange County, Florida, for burglary.
November 8,1977 Appellant fails to appear at his arraignment.
November 29,1977 Appellant’s bond is estreated. A capias is issued.
April 12,1978 Appellant arrested on capias in Maryland.
May 8,1978 Clerk of the Circuit Court for Orange County receives and files a letter from appellant demanding a speedy trial.
November_, 1978 Second letter from appellant demanding a speedy trial (letter was undated and has not been made a part of the record).
November 28,1978 State signed detainer.
January 18,1979 Appellant taken into custody in Florida.
January 31,1979 Motions to dismiss charges.
March 6,1979 Motions denied.
April 18,1979 Hearing — appellant entered conditional nolo plea.
At the time of appellant’s demands for speedy trial, appellant was serving an eleven year sentence in Maryland.
The Interstate Agreement on Detainers, section 941.45(3)(a), Florida Statutes (1979), provides that when a detainer has been lodged against a prisoner in another state:
[H]e shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.
*1030 Appellant sent two letters demanding speedy trial; one letter dated May 4, 1978, which was received by the clerk on May 8, 1978, and one undated letter received by the state around Thanksgiving, 1978. If the second letter is deemed to be the only “demand,” the trial on April 18, 1979 was within the one hundred eighty (180) day period.
Appellant’s letter of May 4th did not comply with all of the requirements of the rule or statute relating to demands;[1] however, it did state appellant’s name, his aliases, the state in which he as incarcerated, the crime with which he was charged in Florida, the case number and a demand for speedy trial. The trial judge believed that the letter was sufficient but denied the motion to dismiss because appellant had not sent a copy to the prosecutor. Appellant had sent the letter to the clerk who filed it and then forwarded a copy to the prosecutor. The prosecutor admitted receipt of the copy, but explained the state’s failure to act by claiming it was under no duty to do so as the letter was “inadequate.” The state also admits it took no action. While it may be argued that the Speedy Trial Rule should not be liberalized and only utilized when all technical requirements have been met, the failure of the state to act should not be condoned. To allow the state to hide behind the technical requirements of the rule would undermine the constitutional guarantee of a speedy trial.[2]
We believe the very purpose for the requirement of notice to the clerk and the prosecutor was demonstrated in this instance. If one copy should go astray, the demand is still likely to reach the hands of the prosecutor. Here, it did reach the prosecutor, the only omission being that it was not delivered directly to him. This omission, while technical, is not substantive and should not excuse the state’s failure to commence the action. While any delay attributable to the failure to serve the prosecutor might serve to toll the period, it does not in this case because the state did nothing until it received the second letter. The state did not demonstrate that the failure to mail it a copy delayed its receipt of the same information to any material degree.
The judgment and sentence are reversed and the trial court is directed to discharge defendant under this offense.
DAUKSCH, C. J., and COWART, J., concur.

. Rule 3.191(b)(3) contains the requirements for the demand. The letter of May 4, 1978, failed to state the place of incarceration, nature and term of sentence, tentative expiration date and the date of the charge in Orange County. The envelope which was not made a part of the record allegedly contained the place of incarceration.
Section 941.45, the Interstate Agreement on Detainers, provides that the prisoner must send written notice of his place of imprisonment to the prosecuting officer. The request of the prisoner must be accompanied by a certificate of the official having custody of the prisoner stating the term of commitment, the time already served, the time remaining, etc. No such certificate accompanied either letter of appellant.
In addition, the agreement refers to prisoners against whom a detainer has been lodged. Here, the detainer was not signed until November 28, 1978 and the case was heard within 180 days from this date.

. Even if a defendant waives his right to speedy trial pursuant to Rule 3.191, or if the rule is not applicable, he still retains his constitutional right to speedy trial. See Thompson v. State, 353 So.2d 664 (Fla. 2d DCA 1978). And a delay in the prosecution of an offense which does not violate the speedy trial rule may nevertheless violate a defendant’s constitutional right to a speedy trial. Suggs v. State, 358 So.2d 55 (Fla. 2d DCA 1978).
In Suggs, the defendant was incarcerated at the time an information for burglary was filed against him. An investigating detective knew of his whereabouts but no detainer was lodged against him nor was he informed of the charge. When he was released approximately one year later, he was arrested on the burglary charge. The trial judge concluded that the speedy trial rule had not been violated. However, the appellate court remanded the cause with directions to consider the constitutional issue and to determine the reasonableness of the delay in light of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Barker employed a “balancing” test to determine whether there had been a violation of the right to speedy trial; among the factors to be considered and weighed are the length of the delay, the reason for the delay, the defendant’s assertion of his right and prejudice to the defendant.