420 So.2d 320 (1982)
STATE of Florida, Appellant,
v.
Robert Lee JACKSON, Appellee.
No. 80-970.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
Rehearing Denied October 28, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The State appeals an order dismissing an information.
On November 28, 1979, the State filed an information charging appellee with battery, false imprisonment and burglary of a dwelling. Trial on these charges was set for the week of March 17, 1980. On March 18th, the State filed a supplemental witness list and a motion to amend the burglary count to allege the commission of an assault during the course of the burglary, increasing the possible penalty on this count from fifteen years imprisonment to life imprisonment. § 810.02, Fla. Stat. (1979). On March 19th, appellee moved to prohibit the supplemental witness from testifying, alleging prejudice from the State's delayed listing of this witness. The trial court granted appellee's motion to prohibit testimony and denied the State's motion to amend the information because the proposed amendment was one of substance altering both the offense and the possible penalty. The State then announced an oral nolle prosequi.
Two weeks later, the State filed a second information charging the appellee with the same crimes as those charged in the first information and the addition of the more severe burglary charge. The trial court granted appellee's motion to dismiss, reasoning that the State should not be permitted to use its inherent right to nolle prosequi so as to circumvent an adverse ruling of the court. The trial court's order went on to say:
[T]he Court has an inherent right to enforce its rulings and orders, and must do so in order to protect its authority and rulings. In that regard, while the Court could not prevent the oral nolle prosse herein, the Court dismisses the new information so as to give force and effect to its rulings and orders of March 19, 1980... .
The State contends that the trial court erred in dismissing the refiled information as a sanction for the State's exercise of its nolle prosequi power to avoid an adverse ruling of the court. We agree and reverse the order of dismissal.
In doing so, we are not unsympathetic to the concern of the trial judge which led to his order; it is unquestioned that the nolle prosequi was plainly used as a device to avoid the effect of the trial court's earlier orders. However, the transcript of the hearing which led to the order presently *321 being appealed reflects that the State provided the trial court with none of the existing authority emanating from this court which could have prevented the erroneous dismissal.
This is not the first time the heart of the present question has arisen in this court, although in a slightly different form. In State v. Darnell, 335 So.2d 638 (Fla. 4th DCA 1976), the Eighteenth Judicial Circuit had adopted an Administrative Order, Section VIII O. of which was entitled Nolle Prosequi. That section provided in part that such device could not be used to:
[o]verride the authority of the court or circumvent immediate trial adversities (when denied a continuance, to avoid discovery obligations... .)
Section P provided that leave of court had to be obtained before filing a new information against the same accused on the same offense or any related offense. In invalidating the Administrative Order, we held unequivocally that the State may nolle prosequi an information without the approval of the court at any time prior to the swearing in of the jury; and that the trial court's permission need not be obtained in order to re-file an information. We most recently re-stated our earlier holding in State v. Stell, 407 So.2d 642, 643 (Fla. 4th DCA 1981).[1]
The practical effect of the trial court's order in the present case was to require the trial court's permission to refile the information, although such permission was not actually sought and denied. The order just changes the legal effect from "permission" to "veto"  a meaningless transition in the exercise of judicial power from "before" to "after." We say again what we said in Darnell; namely, that if the trial courts of Florida are going to have such power, it must originate by rule with the Supreme Court of this state, not sua sponte by the circuit court or by this court. So it was that the Supreme Court adopted Fla.R. Crim.P. 3.191(h)(2) which provides:
(h)(2) Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
The fact remains that Darnell specifically arose out of an Administrative Order which dealt with the use of nolle prosequi in circumvention of court orders and has been published for six years without the adoption of any rule by the Supreme Court or statute by the Legislature which codifies or regulates nolle prosequi to the extent the presently appealed order effectuates.
Nolle prosequi has been in existence since the sixteenth century;[2] and as our Supreme *322 Court recognized by dictum in Wilson v. Renfroe, 91 So.2d 857 (Fla. 1956):
There can be no doubt that under the common law the Prosecuting [sic] Attorney controlled the entry of a nolle prosequi, up to the time that the jury is sworn to try the cause. The words "nolle prosequi" are a Latin expression which translated literally mean "to be unwilling to prosecute". Under the common law of England prosecution in criminal cases were controlled by the Attorney General and he alone had the exclusive discretion to decide whether prosecution should be discontinued prior to the inception of jeopardy. In the absence of statute, the common law continues to be in force in most of the states of this country. Florida has adopted no statute on the subject.
The poet, Alexander Pope, admonishes that we "Be not the first by whom the new are tried, nor yet the last to lay the old aside." Fla.R.Jud.A. 2.130 provides the procedure for amending rules. In the absence of emergency, proposals for changes, once filed with the clerk of the Supreme Court, are referred to the appropriate committees of The Florida Bar, where they are duly debated and considered. The process is creative, orderly and effective. The trial judge's order in this case while properly motivated was not in conformance with Fla. R.Crim.P. 3.191, as it presently reads and, accordingly, cannot stand.
GLICKSTEIN and DELL, JJ., concur.
HURLEY, J., concurs in the judgment only.
HURLEY, Judge, concurring in the judgment only.
The trial court never questioned the state's right to nol-pros. Rather, the court dismissed the second information in order to give force and effect to the sanctions which it had imposed in the first case because of the state's discovery violation.
I concur in today's reversal because the dismissal of the second information was too severe a sanction for the original discovery violation. See Patterson v. State, 419 So.2d 1120 (Fla. 4th DCA 1982); Rule 3.220(j)(1), Fla.R.Crim.P.; cf. State v. Evans, 418 So.2d 459 (Fla. 4th DCA, 1982).
NOTES
[1] In Stell, we recognized certain limitations upon the power to nolle prosequi, holding:

That is not to say, however, that the state's power to nol-pros and refile Informations is unbridled. It is in fact limited by practical considerations. First, the bar against double jeopardy would prevent the state from nol-prossing and refiling an Information after the jury has been sworn. Second, the time constraints of the speedy trial rule would, in effect, prohibit the state from abusing its power by constantly adding charges or changing the substance of charges contained in the Information. This is so because each time the state files a new Information, the defendant is entitled to be rearraigned and in most circumstances is entitled to additional time to prepare his defense. Since the need for additional time results from the state's action, continuances are "charged" to the state. See State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), cert. denied, 334 So.2d 609 (Fla. 1976). Thus, the state cannot indiscriminately nol-pros and refile Informations without adverse consequences. Further, the intent and effect of the speedy trial rule cannot be avoided by the state by entering a nol-pros to a criminal charge and then filing a new Information based on the same conduct. Fla.R.Crim.P. 3.191(h)(2).
Id. at 643.
[2] Stretton & Taylor's Case, 1 Leon 119, 74 Eng.Rep. 111 (K.B. 1588). As pointed out in Wharton's Criminal Procedure, 12 ed. sec. 518:

Under the English common law, criminal prosecutions were instituted and conducted largely by private persons. In order to exercise a degree of control over such prosecutions, the attorney general, as representative of the crown, could, as a matter of prerogative, at any time before judgment, and without the consent of the court, enter a nolle prosequi withdrawing an indictment or information. The prosecutors in the United States came to exercise the same power even though there was not the same need for such power. In this country, the private person never played a part in criminal prosecutions; public officials alone had the power to institute and conduct such prosecutions. Nevertheless, prosecutors in some jurisdictions still possess the absolute power to enter a nolle prosequi. In most jurisdictions, however, the decision to dismiss a pending prosecution can no longer be made by the prosecutor alone; the nolle prosequi as known to the common law has been abolished. The manner in which and the limitations under which the dismissal power may be exercised vary:
The prosecutor may file a dismissal of an indictment or information only with the "consent of the court", "leave of court", or "permission of the court"; a prosecution may be dismissed by the court on motion of the prosecutor; a prosecution may be dismissed by the court on its own motion; or a prosecution may be dismissed by the court either on its own motion or upon the application of the prosecutor. Moreover, many jurisdictions require that the reasons for the dismissal be set forth in the order.
It should be noted that Federal Rules of Criminal Procedure 48(a) provides:
The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.