PER CURIAM.
The state appeals an order granting defendant’s oral motion for discharge pursuant to the speedy trial rule.
At the time of trial on the afternoon of July 26, 1982, the state moved for a continuance of the case; the motion was denied. The assistant state attorney then announced a nolle prosequi. Defendant’s counsel responded immediately, in the presence of the assistant state attorney and on the record, that he was filing a demand for speedy trial on a “piece of paper.” The record reflects that a demand was filed on a sheet of yellow paper that same day. There is no evidence "that the state was served with a copy of the notice. On January 27, 1983, more than five months later, defendant’s counsel moved orally for discharge pursuant to the speedy trial rule, Florida Rules of Criminal Procedure 3.191(a)(2), which motion was granted. This appeal followed.
The state contends on appeal that (1) the demand for speedy trial was ineffective because a copy was not served on the state as required by the rule, and (2) it was error to grant the motion for discharge because it was not presented in writing and because no hearing was conducted.
On the first point, which is dispositive, we hold that the demand was ineffective to commence the running of the speedy trial period. The oral demand was clearly insufficient under McCauley v. State ex rel. Fouraker, 273 So.2d 756 (Fla.1973), which held that an oral demand for speedy trial, even one made in open court and in the presence of the prosecuting attorney, does not satisfy the requirements of the speedy trial rule regarding a written demand. Id. at 758; see Fla.R.Crim.P. 3.191(a)(2). Further, the written demand failed to satisfy the provision of this same rule requiring service of a copy of such demand upon the prosecuting attorney. 273 So.2d at 758. Cox v. State, 389 So.2d 1028 (Fla. 5th DCA 1980) is distinguishable in this latter regard. In that case, although the defendant also failed to serve a copy of the demand *189 on the prosecuting attorney, he had sent the demand to the clerk of the court, who then forwarded a copy to the prosecutor, The Cox court emphasized that the copy did in fact reach the hands of the prosecutor, thus the substantive requirements of the rule were met. In the present case, the record does not reflect that the assistant state attorney ever received a copy of the written demand.
As the McCauley court noted, an “important consideration is the need for careful compliance with the requirements of the speedy trial rule if the rule’s integrity is to be preserved.” 273 So.2d at 758-59. We are bound by that determination. Therefore, the order of discharge must be REVERSED and the cause remanded for further proceedings.