# STATE OF FLORIDA v SANDMAIER

### Case No. 87-047529TTA02

County Court, Palm Beach County

June 15, 1987

### APPEARANCES OF COUNSEL

**Cathleen Burk,** Assistant State Attorney, for plaintiff.

**Glenn H. Mitchel** for defendant.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

This cause came before the Court upon Defendant's Motion to

Discharge the Defendant's arrest for driving under the influence of alcohol for lack of speedy trial. The State of Florida was represented by Assistant State Attorney Cathleen Burk and the Defendant was represented by Glenn Mitchell. The Court having heard argument of counsel, reviewing the court file and being otherwise fully advised in the premises, the Court finds as follows:

1. On June 23, 1986, the Defendant was arrested for driving under the influence of alcoholic beverages, case number 86-99286TTA02.

2. On August 4, 1986, defense attorney Erica Wald requested the case to be reset for another case disposition. This defense request waived speedy trial.

3. On November 20, 1986, the case was set for non-jury trial on December 22, 1986.

4. On December 17, 1986, the Court granted the State's Motion for Continuance and reset the case for non-jury trial on February 9, 1987.

5. On February 6, 1987, there was a substitution of counsel filed in court by Glenn Mitchell, Esquire. At this time, Mr. Mitchell filed a motion for continuance which was granted by the Court and the Court reset the case for non-jury trial on March 9, 1987.

6. On March 6, 1987, defense filed a motion for continuance.

7. On March 9, 1987, at 8:45 a.m., the Court denied Defendant's motion for continuance and the case was still scheduled for 2:30 p.m..

8. Later on that day, the Court wanted a "report" as to the cases set for trial in the afternoon. At this time, pursuant to the Court's request, the State informed the Court that the *Sandmaier* case is a nolle prosse. The Court inquired whether or not that (nolle prosse) was already "filed" and the State responded "not at this time", however, the Assistant State Attorney announced an oral nolle prosse. This action was done without the defense attorney present and the clerk entered the nolle prosse in the file. At 2:30 p.m., defense counsel was informed that the case had been orally nolle prossed. The Court stated "as far as I'm concerned, the case is nolle prossed." The written nolle prosse was dated March 9, 1987 and recorded in the clerk's office on March 10, 1987.

9. At 2:54 p.m. on March 9, 1987, defense attorney filed a hand written demand for speedy trial, pursuant to Florida Rule of Criminal Procedure 3.191, with the clerk's office as to case no. 86-99286TTA02.

10. On March 10, 1987, an information was filed by Assistant State Attorney Cathleen Burk, case number 87-47529TTA02 for driving

12

under the influence of alcohol which arose from case number 86-99286TTA02. A summons was issued which was returnable for April 13, 1987 to be arraigned on the newly filed information.

11. On April 13, 1987, the Defendant pled not guilty and the case was reset for calendar call on May 15, 1987.

12. On May 15, 1987, Defendant filed her motion for discharge in open court and the court reserved ruling as to this motion.

## FINDINGS

Defense counsel argues that his motion to discharge for lack of speedy trial should be granted because the State failed to timely file a "written" nolle prosse. Defense counsel further argues that the oral nolle prosse is not binding until the written nolle prosse is filed and therefore the Defendant was denied her right to a speedy trial.

The words "nolle prossequi" are a Latin expression which translated literally mean "to be unwilling to prosecute". *Wilson v. Renfroe*, 91 So.2d 857 (Fla. 1957). This Court, as well as both counsel, have made an exhaustive search to determine if there is any case law which says that a nolle prosse must be in writing. There are no cases specifically stating that a nolle prosse must be in writing. Defense counsel cites several cases in which the term "filed" is used in reference to a nolle prosse. See *State v. Kahmke*, 468 So.2d 284 (Fla. 1st DCA 1985); *State v. Braden*, 375 So.2d 49 (Fla. 2d DCA 1979).

As stated in an opinion of the Attorney General:

Nolle prosequi is a formal entry on the record by the prosecuting officer by which he will not prosecute the case further, either as to some of the counts of the indictment, or as to part of a divisible count, or as to some of the persons accused, or all together. Upon entry on the record, it amounts to a dismissal or nullification of the particular indictment or information and renders nugatory any proceedings carried on subsequently under the same indictment or information. 1958 Op. Att'y Gen. Fla. 058-169 (May 23, 1958).

Other cases refer to the term "announced" in reference to a nolle prosse. See *McCauley v. State ex rel. Fouraker*, 273 So.2d 756 (Fla. 1973); *State v. Parham*, 446 So.2d 188 (Fla. 3d DCA 1984); *State v. Jackson*, 420 So.2d 320 (Fla. 4th DCA 1982). In *Jackson*, the trial court granted the Defendant's motion to prohibit testimony and then denied the State's motion to amend the information. The State then "announced" an oral nolle prosequi. Two weeks later, the State filed a second information in charging the Defendant with the same crimes and the trial court then granted the Defendant's motion to dismiss,

**13**

reasoning that the State should not be permitted to use its inherent right to nolle prosse as a way to circumvent an adverse ruling of the Court. The Fourth DCA agreed with the State in that the trial court erred in dismissing the refiled information as a sanction for the State's exercise of its nolle prosse power to avoid an adverse ruling of the Court. In *Parham*, the State moved for a continuance and the motion was denied. At that time, the Assistant State Attorney then "announced" a nolle prosequi.

Despite the Court's inquiry whether or not the nolle prosse had been "filed", there have been no cases found requiring the State to "file" a written nolle prosse. Notwithstanding the policy of the State Attorney of the Fifteenth Judicial Circuit requiring a written nolle prosse to be filed, there is no local administrative order requiring such written nolle prosse. Therefore, this Court finds that the State has a right to orally nolle prosse a case by "announcing" a nolle prosse for the record.

The State has a right to nolle prosse a case. A nolle prosse may be filed at any time prior to the swearing in of the jury. *State v. Sokol*, 208 So.2d 156 (Fla. 3d DCA 1968); *State v. Braden*, 375 So.2d 49 (Fla. 2d DCA 1979). As a general proposition, everything which occurs in a proceeding *subsequent* to the filing of a nolle prosse by the State is a nullity. (emphasis added). See *Childers v. State*, 277 So.2d 594, 596 (Fla. 4th DCA 1973). In the case *sub judice*, defense counsel demanded a speedy trial as to case no. 86-99286TTA02 in a hand-written motion after the State announced a nolle prosse. This Court finds that the Defendant needed to file a demand for speedy trial as to the new case no. 87-47529TTA02 to start the time constraints. Therefore, this Court finds that Defendant's demand for speedy trial filed after the case was nolle prossed is a nullity, thus denying her motion for discharge. It is

ORDERED AND ADJUDGED that the Defendant's Motion for Discharged is denied.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida this 15th day of June, 1987.